UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| CHARLES POLAND | CIVIL ACTION NO. 05-1536-M |
|---|---|
| VS. | SECTION P |
| FRANKLIN PARISH, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is Charles Poland's *pro se* pleading alleging discrimination, conspiracy and denial of constitutional rights. The original hand-written pleading was filed on August 24, 2005, and prayed for a remand to the state court for a fair and unbiased trial. [Doc. 1-1] Thereafter, on September 26, 2005, petitioner submitted an amended complaint on the form used for litigating civil rights cases (42 U.S.C. §1983) in this District. In that pleading petitioner stated, "I am fileing [sic] a [sic] appeal not a law suit yet. I filed out papers before this could have been a grievance." [Doc. 3, p. 2] He also stated, "The writ that I sent to this place is a [sic] appeal to the Monroe division, I have been denied my constitutional rights by parish, state, and federal courts, why me because I am a full blood Choctaw Indian..." [id. , p. 3] Finally, he prayed, "Remand me back to court for a new fair trial, I am guilty of a justifiable homicide, self defence [sic]..." [id. p. 4]

Petitioner is no stranger to this court. He is an inmate in the custody of Louisiana's Department of Public Safety and Corrections who is serving a forty year sentence imposed following his 1998 manslaughter conviction in the Fifth Judicial District Court. He filed his first

1

petition for writ of *habeas corpus* on April 26, 2001. On July 22, 2002, that petition was dismissed with prejudice. See *Charles O. Poland v. Warden*, No. 3:01-cv-00744. His request for a certificate of appealability was denied by the Fifth Circuit Court of Appeals on December 30, 2002. See *Charles O. Poland v. Burl Cain, Warden*, No. 02-30927.

On July 7, 2004, he filed a Motion seeking permission of the Fifth Circuit to file a second and successive *habeas* petition. On September 17, 2004, the Fifth Circuit denied his motion. See *In Re: Poland*, No. 04-30671. Meanwhile, on August 23, 2004, he filed another petition for writ of habeas corpus in this court and therein alleged that his second and successive habeas was authorized by the Fifth Circuit Court of Appeals. On December 9, 2004, that petition was dismissed with prejudice. See *Charles Poland v. Burl Cain, Warden*, No. 3:04-cv-1760-M.

## LAW AND ANALYSIS

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A) which provides that a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See *In re Epps*, 127 F.3d 364 (5th Cir.1997); see also *In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In this petition, Poland complains that he was wrongly convicted. He has filed previous petitions alleging essentially the same thing. This petition is therefore "second or successive." See *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is second or successive

when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper.

Therefore, the court finds that this petition should be transferred to the Fifth Circuit.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

3

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE